WILLIAM L. RICHARDS *vs.* ALFRED H. WARDWELL.

Waldo.    Opinion February 15, 1890.

| 82 | 343 |
| 95 | 539 |

*Trover. Crops. Hiring. Lease. Remedy.*

Where the plaintiff contracted to carry on the defendant's farm, for one half of the crops, *Held*, that until a division of the crops, the plaintiff's rights are in contract; and, therefore, he cannot maintain trover for such half against the defendant.

ON EXCEPTIONS.

Trover for hay and other farm products.

After the plaintiff had introduced his evidence, the presiding justice ordered a non-suit, on the defendant's motion, and the plaintiff excepted to the ruling.

The facts appear in the opinion.

*Montgomery and Montgomery*, for plaintiff.

Plaintiff was lessee.    *Warner* v. *Abbey*, 112 Mass. 355, 357–361. Defendant was in possession of the premises, and refused to let plaintiff have his share. This was a conversion. *Moody* v. *Whitney*, 34 Maine, 563; *Fernald* v. *Chase*, 37 Id. p. 291.

Plaintiff proves a settlement and leaving the property with

defendant, to be taken, (his half) when he chose; when he went to take it defendant denied his right.

If defendant claimed the right to hold the hay and produce, he should have given his reasons for refusing to comply with plaintiff's request. 2 Greenl. Ev., § 645, n. *Ingalls* v. *Balkley*, 15 Ill. 224. Where the violation of the terms of the bailment tends to show the assumption of dominion over, and ownership of the chattels, it is evidence tending to show a conversion. *Goell* v. *Smith*, 128 Mass. 238; *Dodge* v. *Myer*, 61 Cal. 405.

*W. P. Thompson and R. F. Dunton*, for defendant.

The contract was for service and not a letting for rent. 1 Wash. R. P., p. 364; *Chandler* v. *Thurston*, 10 Pick. 205; *Walker* v. *Fitts*, 24 Pick. 191. Waiving the distinction between the two forms of contract, plaintiff was only tenant in common. *Moulton* v. *Robinson*, 7 Fost. 550; *Daniels* v. *Brown*, 34 N. H. 454. Both being equally entitled to possession and use, plaintiff must prove defendant's act was tortious, having the effect of a destruction of the property, as regards the plaintiff. 2 Greenl. Ev., § 646; *Kilgore* v. *Wood*, 56 Maine, 150. Possession was voluntarily surrendered to defendant. A lawful division of the crops could only be made by agreement of the parties, or by a decree of an equity court.

EMERY, J. The plaintiff occupied the defendant's farm one farming season, and raised thereon hay, potatoes, turnips, apples and cabbages, which he harvested and placed in the barns and cellar bins on the farm. He then left the farm, and the defendant had possession of the farm and the products. Soon afterwards, the plaintiff came to the defendant at the farm, and demanded that one half of the produce, which had been so raised and stored, be delivered to him. The defendant declining to deliver any of the produce, the plaintiff brought this action of trover for one half of the same. There had not been any division of the produce.

Whatever may be the plaintiff's rights against the defendant, he, to maintain the action of trover, must affirmatively show that

there has become vested in him the superior title to the specific articles, to the exclusion of any legal title of the defendant. If they were co-owners, tenants in common, or partners in the title, the plaintiff cannot maintain trover for any part of the articles. *Dain* v. *Cowing*, 22 Maine, 347; *Crabtree* v. *Clapham*, 67 Maine, 326.

Title commonly depends upon the contract of the parties concerned with the thing. The title to the crops raised by one man on another man's farm, depends largely, if not entirely, upon the contract between the two men. If the contract amounts to a lease or demise of the farm by the owner to the occupier, then clearly the crops belong to the occupier, whether he pays rent in money, or in kind by a share of the crops. The occupier in such case becomes the owner *pro hac vice*, and has title to the products of the farm until division. *Bailey* v. *Fillebrown*, 9 Maine, 12; *Jordan* v. *Staples*, 57 Maine, 352. If the contract, however, · does not amount to a lease, but is instead a contract for hiring the occupier to carry on the farm, the owner to pay him one half of the products as compensation, then the occupier is not owner *pro hac vice*, but is the servant of the owner, entitled to receive one half of the products as compensation,—while the title to the products remain in the owner of the farm. *Kelley* v. *Weston*, 20 Maine, 232. Of course the contract may be greatly varied, and vest the title in one, or the other, or both, as co-owners, tenants in common, partners or in any mode or proportion, at the will of the parties.

In this case the plaintiff states the contract as follows: "I took the place that year at the halves. Mr. Wardwell (the defendant) was to give me one half of what I raised, and one half of the hay and pasturing to pasture my stock, and also one half of the dairy products. I told him I would remain upon the farm six months." Such a contract does not amount to a demise of the farm to the plaintiff. He has not shown anything more than a contract for hiring him to carry on the farm and receive his pay in a proportion of the products. Whatever interest such a contract may give him in the products, it does not give him a superior right to the defendant to possess and control them be-

fore division. Without such superior right, he cannot maintain trover. He has mistaken his remedy.

*Exceptions overruled. Non-suit confirmed.*

PETERS, C. J., VIRGIN, LIBBEY and FOSTER, JJ., concurred.